IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 23-cv-02283-PAB-STV

ROBERTO RODRIGUEZ,

    Plaintiff,

v.

UNKNOWN MESA COUNTY SHERIFF'S DEPUTIES, and
UNKNOWN S.W.A.T. AGENTS,

    Defendants.

_____

### RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE
_____

Chief Magistrate Judge Scott T. Varholak

    This matter comes before the Court on Defendants' Motion to Dismiss Plaintiff's Amended Prisoner Complaint and Jury Demand (the "Motion") [#92] which has been referred to this Court [#93]. This Court has carefully considered the Motion and related briefing, the entire case file, and the applicable case law, and has determined that oral argument would not materially assist the Court. For the following reasons, the Court respectfully **RECOMMENDS** that the Motion be **GRANTED**.

**I.    Background**

    Plaintiff, proceeding pro se, initiated this civil action on September 1, 2023. [#1] After three orders directing Plaintiff to cure deficiencies in his Complaint [##4, 17, 21], on August 29, 2024, Senior United States District Judge Lewis T. Babcock issued an Order dismissing in part and drawing in part Plaintiff's Second Amended Prisoner Complaint

1

(the "Complaint"). [#29] As a result of Judge Babcock's Order, Plaintiff's Complaint brings a single excessive force claim against Defendants Unknown Mesa County Sheriff's Deputies in their individual capacities and Unknown S.W.A.T. Agents in their individual capacities (collectively, the "Unknown Defendants"). [##28, 29]

On October 30, 2024, this Court held a status conference. [#50] Plaintiff and counsel for the Unknown Defendants appeared. [*Id.*] Because videos of the incident in question did not appear to align with the allegations in Plaintiff's Complaint such that counsel for the Unknown Defendants could not identify the individuals alleged to have violated Plaintiff's rights, this Court ordered counsel for the Unknown Defendants to send Plaintiff a copy of the videos. [*Id.*] The Court ordered Plaintiff, upon receipt of the videos, to send a letter identifying in detail which officers violated his rights. [*Id.*] The Court also informed Plaintiff that he may need to file a Third Amended Complaint once the officers were identified. [*Id.*]

On March 4, 2025, this Court held another status conference. [#61] Because Plaintiff had indicated that he had not received the videos, the Court discussed the matter with Plaintiff's case manager and eventually ordered counsel for the Unknown Defendants to resend the videos as compact discs, which Plaintiff would be able to review at the facility where he was housed. [##61, 66] The Court also appointed counsel to represent Plaintiff. [#61] On March 24, 2025, counsel for the Unknown Defendants filed a certificate of compliance confirming that the videos of the incident had been sent by compact disc. [#66] On May 7, 2025, this Court held yet another status conference and Plaintiff still had not reviewed the videos. [##71, 92]

On May 30, 2025, the Clerk of Court filed notice that attorneys Rachel L. Burkhart and Brittany Lynn Garza had been selected as counsel for Plaintiff.  [#72]  And on June 16, 2025, a fourth status conference was held.  [#73]  Because appointed counsel had only recently been selected and needed time to meet with Plaintiff, the Court set a fifth status conference for July 24, 2025.  [##73, 92]  Ultimately, on July 11, 2025, attorneys Burkhart and Garza declined the appointment.  [#76]

During the July 24, 2025 status conference, Plaintiff informed the Court that he had reviewed the videos of the incident and intended to file a motion to amend his complaint.  [#77]  Counsel for the Unknown Defendants advised that she did not oppose such a motion.  [*Id.*]  The Court thus ordered Plaintiff to file a motion to amend by August 7, 2025.  [*Id.*]  The Court also set a status conference for September 24, 2025.  [*Id.*]

On August 4, 2025, Plaintiff filed his Unopposed Motion to Amend Prisoner Complaint but he did not attach a proposed amended complaint to that motion.  [#79]  Two days later, this Court granted that motion and ordered Plaintiff to file an amended complaint by August 25, 2025.  [#80]  Plaintiff did not do so.

At the September 24, 2025 status conference, this Court extended Plaintiff's deadline for filing an amended complaint to October 1, 2025.  [#82]  The Court also set a further status conference for November 18, 2025.  [*Id.*]  Plaintiff did not file his amended complaint by the October 1 deadline.

On October 10, 2025, Plaintiff filed yet another Motion to Amend Prisoner Complaint.  [#84] For the first time, this motion identified three individuals that the Plaintiff claimed were involved in the incident in question, but it still did not attach a separate proposed amended complaint and only described the facts in a cursory fashion.  [*Id.*]  On

3

October 16, 2025, this Court granted the motion and Ordered Plaintiff to file a new complaint by October 30, 2025 "**containing the names of each deputy, and the detailed factual allegations describing the specific actions each deputy is alleged to have taken**."  [#87 (emphasis in original)]  Plaintiff failed to meet that deadline.

As a result of Plaintiff's repeated failures to meet deadlines for filing his amended complaint, during a status conference held on November 18, 2025, this Court authorized counsel for the Unknown Defendants to file the instant Motion.  [#88]  On November 24, 2025, the Unknown Defendants filed the instant Motion seeking to dismiss the matter for failure to prosecute.  [#92]  Plaintiff did not timely respond to the Motion and this Court *sua sponte* extended his deadline to do so until January 13, 2026.  [#94]  Despite being granted this extension, Plaintiff did not respond to the Motion.

## II.   Analysis

Pursuant to Federal Rule of Civil Procedure 41(b), "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it."[1]  In considering dismissal under Rule 41(b) based on a party's failure to comply with a court order, courts in the Tenth Circuit have considered the following five factors, initially set forth in *Ehrenhaus v. Reynolds*, 965 F.2d 916, 921 (10th Cir. 1992):  (1) the degree of actual prejudice to the defendant, (2) the amount of interference with the judicial process, (3) the culpability of the litigant, (4) whether the court warned the party in advance that dismissal of the action would be a likely sanction

---

[1] Dismissal also is appropriate under Federal Rule of Civil Procedure 16(f)(1), which provides, in part: "On motion or on its own, the court may issue any just orders, including those authorized by Rule 37(b)(2)(A)(ii)-(vii), if a party or its attorney: . . . (C) fails to obey a scheduling or other pretrial order."  Rule 37(b)(2)(A)(v) permits the Court to sanction a party by "dismissing the action or proceeding in whole or in part."

for noncompliance, and (5) the efficacy of lesser sanctions.  See *Quarrie v. N.M. Inst. of Mining & Tech.*, 621 Fed. App'x 928, 931 (10th Cir. 2015).   The Court finds that all of these factors weigh in favor of dismissal.

First, Defendants have suffered actual prejudice as a result of Plaintiff's failures to attend Court hearings and comply with Court orders.  Though Plaintiff has still not filed a Complaint naming the specific individuals, in October 2025 he identified the individuals who he had wanted to name.  [#84]  Those individuals continue to face uncertainty as Plaintiff has repeatedly missed deadlines to actually file his amended complaint. Moreover, Mesa County retained counsel for the Unknown Defendants, at the expense of Mesa County, and that counsel has had to continually attend status conferences to address Plaintiff's failure to comply with deadlines.   [#92]  Second, the amount of interference with the judicial process is significant as Plaintiff has, with no explanation, failed to comply with the Court's orders and file his amended complaint.  The Court has been forced to conduct seven status conferences in this matter and we still do not have a complaint that names the Defendants.  And while the early conferences were likely necessary to provide Plaintiff with the video and ensure that he could review it, the last several have been the result of Plaintiff's failure to comply with deadlines.  Third, Plaintiff appears to be solely responsible for his failure to comply with the Court's orders.  Fourth, while the Court had not previously warned Plaintiff that repeated failures to file an amended complaint could result in dismissal, the issue of dismissal for failure to comply was raised by Defendant at the last status conference and through the instant Motion. [##88, 92]  And despite this Court *sua sponte* extending Plaintiff's deadline to respond to the Motion [#94], Plaintiff has failed to respond or file the amended complaint.  Finally,

5

there does not appear to be any lesser sanction that would be effective, as Plaintiff has repeatedly failed to file an amended complaint that would allow this case to proceed. Accordingly, this Court respectfully **RECOMMENDS** that Defendants' Motion to Dismiss Plaintiff's Amended Prisoner Complaint and Jury Demand [#92] be **GRANTED** and that this action be **DISMISSED**.[2]

DATED:  January 26, 2026

BY THE COURT:

s/Scott T. Varholak
Chief United States Magistrate Judge

---

[2] Within fourteen days after service of a copy of this Recommendation, any party may serve and file written objections to the magistrate judge's proposed findings of fact, legal conclusions, and recommendations with the Clerk of the United States District Court for the District of Colorado.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); Griego v. Padilla (In re Griego), 64 F.3d 580, 583 (10th Cir. 1995).  A general objection that does not put the district court on notice of the basis for the objection will not preserve the objection for de novo review.  "[A] party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review." *United States v. 2121 East 30th Street*, 73 F.3d 1057, 1060 (10th Cir. 1996).  Failure to make timely objections may bar de novo review by the district judge of the magistrate judge's proposed findings of fact, legal conclusions, and recommendations and will result in a waiver of the right to appeal from a judgment of the district court based on the proposed findings of fact, legal conclusions, and recommendations of the magistrate judge. *See Vega v. Suthers*, 195 F.3d 573, 579-80 (10th Cir. 1999) (holding that the district court's decision to review magistrate judge's recommendation de novo despite lack of an objection does not preclude application of "firm waiver rule"); *Int'l Surplus Lines Ins. Co. v. Wyo. Coal Refining Sys., Inc.*, 52 F.3d 901, 904 (10th Cir. 1995) (finding that cross-claimant waived right to appeal certain portions of magistrate judge's order by failing to object to those portions); *Ayala v. United States*, 980 F.2d 1342, 1352 (10th Cir. 1992) (finding that plaintiffs waived their right to appeal the magistrate judge's ruling by failing to file objections).  *But see*, *Morales-Fernandez v. INS*, 418 F.3d 1116, 1122 (10th Cir. 2005) (holding that firm waiver rule does not apply when the interests of justice require review).